TEICH GROH
691 State Highway 33
Trenton, New Jersey, 08619
(609) 890-1500
Attorneys for Trustee
BARRY W. FROST

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In the Matter of:

               Chapter 7 Proceeding

CARMEN LAWRENCE AIELLO
MADELINE MARION AIELLO,    Case No.   11-41413-MBK

   Debtors.
-----------------------------------
BARRY W. FROST, Chapter 7 Trustee

               Adversary Case No.

*vs.*

CARMEN LAWRENCE AIELLO
MADELINE MARION AIELLO
-----------------------------------

### COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C.§727

Barry W. Frost, Chapter 7 Trustee, with offices at 691 State Highway 33, Trenton, New Jersey by way of complaint says that:

1. The debtors filed for relief under Chapter 13 of the bankruptcy code on October 31, 2011.

2. By Order entered April 24, 2012 the Chapter 13 was converted to a Chapter 7.

3. The plaintiff is the duly qualified and selected Chapter 7 Trustee.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

5. This is a core proceeding as defined in 28 U.S.C. §157.

6. Upon information and belief, the debtor, Carmen Lawrence Aiello is the owner with Joseph Aiello of real property located at 2338 Route 4, West Bound, Ft. Lee, New Jersey.

7. Upon information and belief the debtor, Carmen Lawrence Aiello and Joseph Aiello entered into a Lease Agreement with Exxon Mobile Corporation to lease the aforementioned premises.

8. Since 1985 the debtor, Carmen Lawrence Aiello has been collecting rent for the subject premises.

9. The Chapter 7 Petition and Schedules failed to disclose the debtor's ownership interest in the real property and schedules I&J failed to account for the income received by the debtor from the rental of this premises.

10. The debtors has concealed, destroyed and failed to keep recorded information so that the Trustee could ascertain the financial affairs of the debtors.

11. The debtors knowingly and fraudulently gave a false oath and failed to disclose the ownership of the property or the lease from the property.

12. The debtors knowingly and fraudulently withheld from the Trustee entitled to possession under this title, any recorded information including books, documents, records, papers to relating to the debtors property or financial affairs.

13. The debtors have failed to explain satisfactorily before determination of denial of discharge any loss of assets or deficiency of assets to meet the debtors' liabilities.

14. The debtors have refused to obey a lawful subpoena of this Court and have failed to produce the documents and appear at a 2004 examination.

15. The Trustee was required to file a Motion to compel Debtors to appear at a 2004 Examination which was granted on October 22, 2012 and scheduled the 2004 Examination for November 1, 2012.

16. The debtors still has failed and refused to produce any and all documents regarding the ownership of the property or the amount of income received from the lease for the property.

WHEREFORE, Trustee seeks a judgment determining that the debtors are not entitled to receive a discharge pursuant to 11 U.S.C.§727(a)(3), §727(a)(4), §727(a)(5) or §727(a)(6) of the Bankruptcy Code and for such other and further relief as the Court may deem just and equitable.

           TEICH GROH
           Attorneys for Plaintiff

              /s/ Barry W. Frost
          By:_____
            BARRY W. FROST

Dated: 11.1.2012