# TEICH GROH
AN ASSOCIATION OF
PROFESSIONAL CORPORATIONS & LIMITED LIABILITY COMPANIES
COUNSELLORS AT LAW

691 STATE HIGHWAY 33
MERCERVILLE
TRENTON, NEW JERSEY 08619-4407

(609) 890-1500

FAX NO. (609) 890-6961

E-mail: trustee@teichgroh.com

ARTHUR TEICH  (1915-1997)
WILLIAM C. GROH, (1921-2007)
BARRY W. FROST*
CAROL OSWALD
CAROL L. KNOWLTON †
ALLEN I. GORSKI †
GARY R. BACKINOFF †
BRIAN W. HOFMEISTER
JENNIFER ZOSCHAK

RICHARD J. ALPHONSE
REBECCA R. FAULKNER †
KYLE F. EINGORN †

* NJ AND NY BAR
† NJ AND PA BAR

BRANCH OFFICE:

34 FRANKLIN CORNER ROAD
LAWRENCEVILLE, NJ 08648
(609) 844-0488
FAX (609) 844-0784

TINA E. BERNSTEIN
Of Counsel

March 19, 2013

*Via ECF & email*

Honorable Michael B. Kaplan
Bankruptcy Judge
United States Bankruptcy Court
402 East State Street
Trenton, NJ  08608

RE:   Frost v. Aiello
      Adversary Case No.  12-2104
      Motion to Vacate Default
      Hearing date:  April 8, 2013 at 10:00 a.m.
      Debtor Estate of Carmen Lawrence Aiello and Madeline Marion Aiello
      Case No.  11-41413-MBK

Dear Judge Kaplan:

Please accept this as the Trustee's response to the motion to vacate default filed by the debtors.

The Trustee commenced this adversary complaint seeking to bar the discharge of the debtors for failure to disclose and for failure to turn over the rents that the debtors are collecting from the property, as well as the failure of the debtors to appear pursuant to Orders of the Court.

No answer has been filed to the Trustee's complaint and the debtors are now seeking to vacate the default requested by the Trustee and entered by the Court in connection with debtors' failure to plead in order to file an Answer out of time.  They have also filed a motion in the main bankruptcy seeking to contest the claim filed by Fulton Bank and that is also returnable on April 8, 2013.  The

creditor body in this case will depend upon the outcome of that claim challenge, as will the Trustee's determination as to what should be done with this case.

The debtor has contemptuously failed to transmit to the Trustee the rents that the debtor receives from the real property owned by the male debtor and his brother.

The debtors have also failed to comply with Orders of this Court and have failed to appear for a 2004 examination requested by the Trustee.

If the Court is inclined to grant the motion to vacate the default, it should be conditioned upon the male debtor turning over all of the rents which have been collected post-petition, as well as compliance with the prior Orders of this Court.  If the debtors do not either comply with the Orders of the Court or turn over the rents that have been collected since the filing of the petition, then the debtors should not be entitled to file an Answer to the complaint out of time.

We thank the Court for its consideration of this matter.

Very truly yours,

*/s/ Barry W. Frost*

BARRY W. FROST

BWF:cmc

cc:    Andre Kydala, Esquire
       Joan Lavery, Esquire